```
PATRICK L. FORTE, #80050
CORRINE BIELEJESKI, #244599
LAW OFFICES OF PATRICK L. FORTE
One Kaiser Plaza, #480
Oakland, CA 94612
Telephone: (510) 465-3328
Facsimile: (510) 763-8354

Attorneys for Debtors
```

FILED
JUN 1 4 2010
BANKRUPTCY COURT
OAKLAND, CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MICHAEL JOHN MUHA and<br>DEBORAH SUE MUHA,<br>               Debtors.<br>_____/ | Case No. 09-72300 EDJ<br><br>Chapter 13<br><br>ORDER VALUING LIEN OF WELLS FARGO BANK NA<br><br>Hearing Date: May 13, 2010<br>Time: 3:30pm<br>Room: 215 |

    On January 5, 2010, Michael and Deborah Muha (hereinafter Debtors) served a motion to value the lien of Wells Fargo Bank NA (hereinafter Lienholder) against the property commonly known as 3578 Yacht Drive, Discovery Bay, CA 94505, which lien was recorded in Contra Costa County on or about February 10, 2004 as document 004281000 (hereinafter the Lien).

    The court finds that notice of the motion upon Lienholder was proper. Lienholder having withdrawn verbally its opposition to Debtors' motion, the court hereby orders as follows:

(1) For purposes of Debtors' chapter 13 plan only, the Lien is valued at zero, Lienholder does not have a secured claim, and the Lien may not be enforced, pursuant to 11 U.S.C. §§ 506, 1322(b)(2) and 1327. Lienholder shall nevertheless have an unsecured claim on the subject obligation of $62,139 and relating to the Second Deed of Trust.

(2) This order shall become part of Debtors' confirmed chapter 13 plan.

(3) Upon entry of a discharge in Debtors' chapter 13 case, the Lien shall be voided for all purposes, and upon application by Debtors, the court will enter an appropriate form of judgment voiding the Lien.

(4) If Debtors' chapter 13 case is dismissed or converted to one under another chapter before Debtors obtain a discharge, this order shall cease to be effective and the Lien shall be retained to the extent recognized by applicable nonbankruptcy law, and upon application by the Lienholder, the court will enter an appropriate form of order restoring the Lien to its original status, less any credits for monies actually paid on the note secured by the Second Deed of Trust.

///
///
///
///
///
///

(5) Except as provided by separate, subsequent order of this court, the Lien may not be enforced so long as this order remains in effect.

**Approved as to form and content:**

Dated: June 11, 2010
    Law Offices of Austin P. Nagel
    By Austin P. Nagel
    Austin P. Nagel
    Attorney for Wells Fargo Bank, NA on Second Deed of Trust

**So Ordered:**

Dated: June 14, 2010

_____
Hon. Edward D. Jellen
UNITED STATES BANKRUPTCY JUDGE

*** END OF ORDER ***

```
 1                          COURT SERVICE LIST
 2

 3   Law Offices of Patrick L. Forte
     One Kaiser Plaza, Suite 480
 4   Oakland, CA 94612

 5
     Michael & Deborah Muha
 6   3578 Yacht Drive
     Discovery Bay, CA 94505
 7

 8   Attn: Officer
     Wells Fargo Bank, National Association
 9   90 S. 7th Street
     MAC: N9305-173
10   Minneapolis, MN 55402

11   Attn: Officer
     Wells Fargo Bank, National Association
12   C/o CSC - Lawyers Incorporating Service
     2730 Gateway Oaks Dr.
13   Suite 100
     Sacramento, CA 95833
14
15   Attn: Melodie A. Whitson
     Wells Fargo Home Mortgage
16   C/o Pite Duncan, LLP
     4375 Jutland Drive, Suite 200
17   P.O. Box 17933
     San Diego, CA 92177-0933
18
     Wells Fargo Bank, NA
19   c/o Austin P. Nagel
     Law Offices of Austin P. Nagel
20   111 Deerwood Pl., Suite 388
     San Ramon, CA 94583
21
22
23
24
25
26
```